**Order filed December 1, 2016.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-16-00697-CV
_____

## IN RE FORREST LOCKE AND SHERRI LEYENDECKER Relators

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### Probate Court No. 3
### Harris County, Texas
### Trial Court Cause No. 432,609

---

## CONTINUING ABATEMENT ORDER

On September 9, 2016, relators Forrest Locke and Sherri Leyendecker filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Rory R. Olsen, presiding judge of Probate Court No. 3 of Harris County, to set aside his August 23, 2016 order denying relators' motion to quash the prejudgment writ of garnishment in trial court cause number 432,609, styled *In re Estate of Cecil Wayne Clancy, Deceased*.

1

On September 29, 2016, the parties filed a joint motion to abate this original proceeding through October 6, 2016, to allow the parties to continue settlement negotiations. On September 30, 2016, we granted the joint motion to abate, abated this case until October 6, 2016, and directed relators and real party in interest to advise this court of the status of the settlement.

On October 6, 2016, relators and real party in interest advised this court that the parties were still attempting to settle the case, and requested that the abatement be continued through October 14, 2016. We granted the motion and issued an order on October 10, 2016, continuing the abatement through October 14, 2016.

On October 14, 2016, the relators and real party in interest filed a motion to extend the abatement because the parties are still attempting to settle the case. We granted the motion and issued an order on October 20, 2016, continuing the abatement for thirty days.

On November 18, 2016, the parties advised this court that they agreed to continue the abatement pending performance of their mediated settlement.

Therefore, the abatement of this case is continued until such time when the parties advise this court that they have performed their mediated settlement. We order the parties to provide updates to this court every thirty days, starting from the date of this order, regarding the status of the case until they have performed their mediated settlement. The original proceeding will be reinstated on this court's active docket when the parties file a motion to dismiss the original proceeding or other dispositive motion. This court will also consider an appropriate motion to reinstate the original proceeding, or the court may reinstate the original proceeding on its own motion.

It is so ORDERED.

PER CURIAM